IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Charles Robinette, III, | : | |
| Plaintiff, | : | Civil Action 2:11-cv-174 |
| v. | : | Judge Watson |
| George Lavender, Jr., *et al.*, | : | Magistrate Judge Abel |
| Defendants. | : | |

### REPORT AND RECOMMENDATION

This matter is before the Magistrate Judge for an initial screening of the complaint under 28 U.S.C. §1915(e)(2) to identify cognizable claims, and to dismiss the complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth,* 114 F.3d 601, 608-09 (6th Cir. 1997).

The following allegations are taken from the complaint. On December 18, 2010, Plaintiff was drinking with several individuals, including Amber "Peaches" Earles ("Earles"), when an argument ensued. Plaintiff left and returned to his residence. Two hours later, Deputy Elward ("Elward") showed up at the location of the party and took statements from the individuals there, including Earles, who were the under the influence of alcohol. Elward then apparently arrested Plaintiff

for domestic violence.  The next day, Earles went to the county prosecutor's office, and explained that she did not recall making any statements to Elward and that she wished to drop all charges against Plaintiff.  Nevertheless, Plaintiff continued (at the time at which he filed his complaint) to be held in the Ross County Jail.

Plaintiff characterizes his complaint as one alleging that Elward committed "dereliction of duty" by arresting him based upon statements by intoxicated individuals and that he is being unlawfully detained, in violation of his constitutional rights, even after the alleged victim requested that charges be dropped.  The Court determines that Plaintiff intends to bring a claim under 42 U.S.C. §1983 against Elward and Sheriff George Lavender, Jr. ("Lavender") for unconstitutional imprisonment.

In *Heck v. Humphrey*, the United States Supreme Court held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal author- ized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

512 U.S. 477, 486-87 (1994).  This necessarily implies that the lawsuit can only be filed after the validity of the conviction sentence has been challenged by being reversed on direct appeal, expunged, declared invalid, or called into question by a writ of habeas corpus.  Therefore, the Supreme Court held in *Wallace v. Kato*, 549 U.S. 384, 394 (2007), when a prisoner has prematurely filed a lawsuit alleging such

2

wrongful imprisonment, the district court should "stay the civil action until the criminal case or the likelihood of a criminal case is ended."

Accordingly, it is **RECOMMENDED** that this case be **STAYED** pending the trial, dismissal, or other adjudication of the charge or charges pending against Plaintiff Charles Robinette, III.  Such a stay would not bar Plaintiff from filing a petition for writ of habeas corpus in this court.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the party thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991).

                                            s/Mark R. Abel
                                            United States Magistrate Judge